TREASURER OF THE STATE *v.* ARAD MERRILL and JACOB MAECK.

In actions in favor of the treasurer of the state, on recognizances, either party may bring the case into this court on exceptions to the decision of the county court.

Under the revised statutes, it is sufficient if the bill of exceptions is signed by the chief judge of the county court.

The party demurring in the county court will open the argument in this court, although the other party brought up the case on exceptions.

SCIRE FACIAS, on a recognizance.

This case was determined in the county court (on demurrer to the declaration) in favor of the defendants. The plaintiff took his bill of exceptions, and brought the case into this court, for revision. A question was now made whether the treasurer of the state could bring this case (which is debt on recognizance in a criminal prosecution,) into this court on exceptions, inasmuch as the statute provides that ' No writ of error shall be allowed in a criminal cause, prosecuted by indictment or information,' and no provision is made for exceptions on the part of the state in any criminal cause.

BY THE COURT. — These actions have been treated like any other civil action, so far as exceptions are concerned, and either party, against whom any question was decided, has always been permitted to present his bill for allowance, and to bring the case into this court.

Another question was made, whether it was sufficient that the bill of exceptions was signed only by the chief judge of the county court.

BY THE COURT. — The statute, chap. xxv, § 37, expressly provides that exceptions to the opinion of the county court, on any question of law which may arise on the trial of any *civil cause,* shall be *signed* by the *presiding judge.* Having determined that this is to be treated like any other civil cause, in regard to exceptions, it follows that there is no necessity that the bill of exceptions should be signed by any more than the presiding judge.

Another question was made in regard to the point of precedence in the argument.

BY THE COURT. — The general practice in this court, in regard to this subject, is for the excepting party to open the argument. But as this court is required to render such a judgment, in all cases brought here upon exceptions from the county court, as that court should have rendered, and when the question is determined in the court below upon the pleadings, it would always be convenient to take up the case in this court the same as it was taken up in the court below. We are, therefore, inclined to establish that rule, in regard to this class of cases. The party demurring in the court below will open the argument in this court.